# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

**Keith Fowler Sr.**

**On behalf of themselves and all others similarly situated**

    **Plaintiffs**

    v.                          Case No. 16-CV-481

**Titletown Masonry LLC**

    **Defendant.**

## COMPLAINT

Plaintiffs, by their attorneys, for their complaint against Defendant state as follows:

1. This is a collective action under the Fair Labor Standards Act, and an individual and class action under Wisconsin law by Plaintiffs, current and former employees of the Defendant Titletown Masonry, LLC ("Titletown") to seek redress for Titletown's failure to pay them overtime pay, failing to pay them travel pay, and failing to transmit all authorized wage deductions to the designated payee. The Plaintiffs also bring claims under Wisconsin law for conversion, and for Titletown's failure to pay the required amount of prevailing wages.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq.

1

3. This Court has supplemental jurisdiction over the Plaintiff's claims brought under Wisconsin law pursuant to 28 U.S.C. §1367 because they are based upon the same nucleus of operative facts, and therefore form the same case or controversy as their FLSA claims.

4. This Court has personal jurisdiction over Titletown because it resides at Seymour, Wisconsin, and within the jurisdictional territory of the Green Bay Division of the United States District Court for the Eastern District of Wisconsin. Upon information and belief all of the violations alleged in this complaint occurred within the Eastern District of Wisconsin; with the vast majority if not all of the violations occurring within the jurisdictional territory of the Green Bay Division.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) & (c) because a substantial part of the events giving rise to the claims described herein occurred in this district and division and Defendant may be found within this district and division.

## THE PARTIES

6. Plaintiff Keith Fowler Sr. is an adult resident of the State of Wisconsin, who worked for Titletown between 2014 and 2016. Fowler resides at Keshena, Wisconsin within this district. A copy of the FLSA and Wisconsin prevailing wage law consents signed by Fowler are attached to this Complaint.

7. Defendant Titletown is a Wisconsin Limited Liability corporation with a principal place of business located at W1570 Pearl Street in Seymour, Wisconsin. Titletown performs masonry and laborers work, on both prevailing wage and non-prevailing wage projects, throughout Northeastern Wisconsin. During the peak of each construction season Titletown would employ, and offer overtime work to 10-12 if not more construction workers.

8. Titletown is an employer within the meaning of Wis. Stat. §109.03(1). Titletown is also an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203, by, for example, purchasing equipment, materials, and other supplies that were directly or indirectly produced outside Wisconsin, hiring employees who reside outside the State of Wisconsin, and entering into contracts directly or indirectly with non-Wisconsin suppliers and customers. At all relevant times, Titletown has had annual gross volume of business at or above $500,000.

**FACTS**

9. During each construction season between 2014 and the present, Titletown' employees would sometimes work more than 40 hours per week. Titletown had full knowledge of, and provided some compensation to its employees for their hours worked over 40 per week.

10. Titletown sometimes compensated its employees, for their hours worked over 40 per week, at their straight time rate, so that the employees did not receive any premium pay for working over 40 hours per week. Upon information and belief, while Titletown would pay overtime premium pay to its employees during workweeks when overtime work was scarce, during the peak of the construction season when the most overtime hours were worked Titletown would not pay overtime pay to any of its employees for all of their overtime hours worked over 40 per week.

11. Even when Titletown did compensate its employees with overtime premium pay for working over 40 hours per week, it would calculate overtime pay using the rate for the same work when performed during non-overtime hours, rather than the often higher average straight time wage rate earned by the employee during the workweek.

3

12. Plaintiff Fowler, as an experienced employee who served as the foreman for Titletown's other employees, frequently drove a company truck to deliver to the jobsite tools and materials, which are indispensable to the completion of the jobsite construction work performed by Titletown's employees.

13. Plaintiff Fowler was sometimes required by Titletown to return his company vehicle to a company yard at the end of the day. On other occasions Titletown would permit Fowler to drive his company truck home at the end of the day, which would result in him driving to the jobsite from his home on the next day.

14. Upon information and belief Titletown paid Plaintiff Fowler at the minimum wage rate for most, but not all of his drive time from the company shop to the jobsite. Plaintiff Fowler was never paid for either his drive time from the jobsite back to the company shop, or for his drive time to deliver tools and materials from his home to the jobsite.

15. Plaintiff Fowler authorized Titletown to make deductions from his wages, so that the deducted monies can be forwarded to payees designated by Fowler.

16. However, Plaintiff Fowler would receive notice from the designated payees that they had not received amounts that had been deducted from his paychecks, and were earmarked to be paid to the designated payees. Therefore, Plaintiff Fowler believes that after Titletown deducted monies from his paychecks, it would sometimes fail to transmit the deducted monies to the payees that he designated.

**COLLECTIVE ACTION ALLEGATIONS**

17. Fowler brings his First Claim for Relief, pursuant to the Fair Labor Standards Act, on his own behalf and on behalf of all other similarly situated Plaintiffs who lost overtime pay

4

that they are entitled to under the FLSA, as a result of Titletown's policy of not paying overtime pay for all hours worked over 40 by its employees.

18. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of the FLSA Class who similarly did not receive any overtime premium pay for their hours worked in excess of 40 per workweek.

19. The claims of the Named Plaintiffs are representative of the claims of members of the FLSA Class in that such employees were hourly employees, worked for Titletown, and did not receive overtime premium pay for at least some of their hours worked over 40 per week.

## CLASS ALLEGATIONS

20. Named Plaintiffs seek to represent a class of all current and former employees of Titletown who fall within the following class description, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All employees of the Defendant who, on or after April 19, 2014, was not paid overtime pay equal to 1.5 times the average cash wage for all of their hours worked over 40 hours per workweek.

21. The persons in the class identified above are so numerous that joinder of all members is impracticable. Upon information and belief, Titletown would assign overtime work to, and underpay overtime pay to 10-12 employees during each construction season. Given that there is almost complete turnover of Titletown's employees during each construction season, there will be between 30-40 Titletown employees who received an under-payment of overtime pay during the 2014, 2015, and 2016 construction seasons. Joinder is made even more difficult

5

by the fact that most class members are former employees of Titletown, and that the class members are widely scattered.

22. There are questions of law and fact common to the Wisconsin Unpaid Wage Class (Rule 23 Class) that predominate over any questions solely affecting individual members of the class, including, but not limited to:

(a). Whether class members were entitled to be paid an overtime premium for each of their hours worked over 40 each workweek;

(b). Whether class members were entitled to have their overtime pay calculated as 1.5 times the average straight time rate that they earned during the workweek;

(c). The appropriate methodology to calculate the total amount of overtime pay owed to each member of the class based on Titletown's payroll records.

23. Fowler's claims are typical of those of the Wisconsin Unpaid Wage Class. Fowler, like other Wisconsin Unpaid Wage Class members, was subjected to Defendants' uniform policies of paying at a straight time rate the majority of his hours worked over 40 per week; and of calculating overtime pay using the rate for the same work performed during non-overtime hours, rather than the higher average straight time wage rate he earned during the workweek.

24. Named Plaintiffs will fairly and adequately protect the interests of the Wisconsin Unpaid Wage Class and has retained counsel experienced in complex wage and hour litigation.

25. Class certification of the overtime pay claims contained in Count II of the Complaint is appropriate under Fed. R. Civ. P. 23(b)(3), because questions of law and fact common to the Wisconsin Unpaid Wage Class predominate over any questions affecting only individual members of the Wisconsin Unpaid Wage Class, and because class claim damages

6

suffered by each member of the class is small when compared to the costs of litigating a federal court wage lawsuit, so that a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

        **Count I.**      **Overtime Pay Claim Under the Fair Labor Standards Act.**

26. Plaintiff re-alleges, and incorporate by reference, the allegations contained in paragraphs 1- 25 of the Complaint.

27. The FLSA requires for the Plaintiffs to receive overtime pay equal to at least 1.5 times their regular rate for each of their hours worked over 40 per week.

28. Since the exemptions from overtime pay under the FLSA do not include an exemption for hours spent working on projects covered by Wisconsin prevailing wage laws, the FLSA's overtime requirements apply to both prevailing wage and non-prevailing wage hours worked by the Plaintiffs.

29. Titletown failed to pay to the Plaintiffs overtime pay equal to 1.5 times of either their regular rate, or the rate for the specific type of work that they performed during overtime hours, for each of their hours worked over 40 each week.

30. Even if Titletown did pay to the Plaintiffs daily and weekend overtime premium pay, the amount of said premium pay cannot offset in full its failure to pay to the Plaintiffs overtime pay for each of their hours worked over 40 each week.

31. When Fowler drove a company truck to deliver tools and equipment that are ultimately indispensable to the completion of the project to the jobsite, his drive time constitutes the performance of a principal activity for Titletown, and therefore must be counted as hours worked.

7

32. Fowler's drive time similarly must be counted as hours worked, when he drove a company truck from the jobsite back to the company shop for overnight storage, given that the storage of the company truck at the company shop was primarily for Titletown's benefit.

33. Titletown violated the FLSA when it failed to count as hours worked all hours spent by Fowler to deliver tools and equipment to the jobsite, and failed to count as hours worked any of the hours spent by Fowler to deliver a company truck from the jobsite back to the company shop.

34. Fowler would have had additional hours worked over 40 hours per workweek, and would be entitled to receive additional overtime pay from Titletown, had Titletown counted his driving time as described by paragraph 34 of the Complaint as hours worked.

35. Titletown's violations of the FLSA were willful, so that the Plaintiffs are entitled to the application of a three year statute of limitations against Titletown. The Plaintiffs are also entitled to recover against Titletown 100% liquidated damages for all wages owed under the FLSA, plus their attorneys fees and costs of prosecuting this wage claim.

**Count II.    Claim for Straight Time and Overtime Pay Under Wisconsin Law.**

36. Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1-35 of the Complaint.

37. Pursuant to DWD §274.03, PGA is required to pay to the Plaintiffs overtime pay equal to 1.5 times their regular rate of pay, for all of their hours worked over 40 hours for the week.

38. DWD §274.04, which lists all of the Wisconsin exemptions from overtime pay, does not contain an exemption for hours worked on Wisconsin prevailing wage projects. PGA is

8

therefore required to comply with DWD §274.03, which is enforceable through Wis. Stat. §109.03(5), for hours worked by its employees on prevailing wage projects.

39. While the FLSA authorizes the employer and its employees to agree to use the rate for the specific work performed during overtime hours to compensate their overtime pay, there is no parallel language authorizing such an arrangement under Wisconsin law. Titletown therefore can comply with Wisconsin law only if it pays to the Plaintiffs overtime pay equal to 1.5 times the average wage rate that they earned during the workweek.

40. Moreover, while under the minimum wage provisions of the FLSA an employer is only required to compute overtime pay using wages actually received by the employees, under the full wage payment requirements of Wis. Stat. §109.03(1) and (5) to comply with Wisconsin law the employer must take into account all wages that the employees should have received, as well as all wages that the employees actually did receive.

41. Titletown violated DWD §274.03 when it failed to pay to the Plaintiffs, at a rate equal to 1.5 times the rate computed by dividing all straight time weekly wages that the Plaintiffs should have received by their total number of weekly hours worked, for each and every one of their hours worked over 40 per workweek.

42. Since Wisconsin law concerning traveling while working is similar to the FLSA, Fowler's time spent driving a company truck delivering tools and materials to the jobsite, as well as his time spent driving a company truck from the jobsite back to the company shop, must be counted as hours worked under Wisconsin law for the same reason(s) why they must be counted as hours worked under the FLSA.

9

43. Under the full wage payment requires of Wisconsin law, Titletown must pay to its employees at least the minimum wage for each of their hours worked; and cannot meet the Wisconsin minimum wage requirement by merely demonstrating that its employees on average received the minimum wage. Fowler therefore is entitled to additional straight time hourly pay for each of his drive time hours described by paragraph 42 of the Complaint.

44. Titletown additionally violated Wisconsin law when it failed to count all of Fowler's compensable drive time as hours worked, and when it failed to take into account straight time wages for drive time that Fowler should have received, in calculating the amount of overtime pay that it owed to Fowler.

45. Under Wis. Stat. §109.03(1), all wages owed to the employee must be paid within 31 days of when the wages were earned. Therefore, when the employee authorized a wage deduction in favor of a third party payee, the employer must pay the wage by forwarding deducted wages to the third party payee, within 31 days of when the wages were earned.

46. When Titletown failed to timely transfer deducted wages to payees designated by Fowler, it failed to timely pay to Fowler the full amount of wages that it agreed to pay him, in violation of Wis. Stat. §109.03(1). Under Wis. Stat. §109.03(5) Fowler is entitled to recover from Titletown the underpayment of wages that resulted from Titletown's failure to transfer wage deductions to payees designated by Fowler.

47. All of Titletown's other violations of Wisconsin minimum wage and overtime pays similarly can be redressed through Wis. Stat. §109.03(5), so that for all underpayment of wages the Plaintiffs are entitled to recover the amount of the underpayment, plus the 50%

increased wages authorized by Wis. Stat. §109.11(2), plus their actual attorneys fees and costs of prosecuting their Wisconsin wage claims as authorized by Wis. Stat. §109.03(6).

**Count III.  Civil Theft Under Wisconsin Law**.

48. Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1-47 of the Complaint.

49. Titletown committed a violation of Wis. Stat. §943.20 when it deducted from Fowler's paychecks wage deductions authorized by Fowler, and then applied the wage deductions toward its own business expenses and other uses rather than forwarding those wage deductions to payees designated by Fowler, with intent to convert the deducted wages for its own use, rather than the purpose of paying payees designated by Fowler, the use of the money intended by Fowler.

50. Pursuant to Wis. Stat. §895.446(1) and (3), Fowler is entitled to recover against Titletown the amount of wage deductions that Titletown failed to transmit to payees designated by Fowler, plus three times the amount as exemplary damages, plus his attorneys fees and costs of prosecuting this conversion claim.

51. Fowler additionally would be entitled to a make whole remedy for all other financial losses he has sustained, as a result of Titletown's failure to timely transmit deducted wages to payees that he designated.

**Count IV:    Wisconsin Prevailing Wage Claim.**

52. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1-51 of the Complaint.

11

53. Under Wisconsin law, there is a set of prevailing wages applicable to each prevailing wage project that Titletown worked on between 2014 and the present. For each prevailing wage project the Titletown is required to pay to Fowler the full amount of designated hourly compensation for his job classification through a combination of cash wages and bona fide fringe benefit payments.

54. For all of his hours worked on the prevailing wage project that are over 10 hours per day, on Saturday or Sunday, or over 40 hours per week, Fowler is entitled to either 1.5 times the minimum hourly wage designated by the prevailing wage determination, or 1.5 times the straight time cash wage he received for working on the same prevailing wage project, whichever rate is higher.

55. Titletown violated Wisconsin wage laws by failing to pay to Fowler all straight time and overtime prevailing wages required by law, thus entitling Fowler to twice the amount of underpaid prevailing wages, plus his attorneys fees and costs of prosecuting his prevailing wage claims.

56. To the extent that any other current and former Titletown employee files a signed prevailing wage consent form with the Court, the Court may consider the prevailing wage claims of those employees alongside the prevailing wage claims of Fowler.

WHEREFORE, the Plaintiffs respectfully request the Court to enter an order that:

1. Finds that Titletown is liable to the Plaintiffs for all unpaid overtime pay, 100% liquidated damages, and attorneys fees and costs arising out of the Plaintiffs' claims under the Fair Labor Standards Act;

12

2. Finds that Titletown is liable to the Plaintiffs for all unpaid straight time and overtime wages that they are owed under Wisconsin law, plus 50% increased damages, and their attorneys fees and costs arising out of the Plaintiffs' claims under Wisconsin law;

3. Finds that Titletown is liable to Plaintiff Fowler for all wage deductions that it has failed to transmit to the payee designated by Fowler, plus three times the amount of said wage deductions as exemplary damages, plus attorneys fees and costs of prosecuting the claim;

4. Finds that Titletown is liable to Plaintiffs for all prevailing wages owed, plus 100% increased damages, and their attorneys fees and costs arising out of the Wisconsin prevailing wage laws;

5. Grants to the Plaintiffs such other and further relief as the Court deems just and proper.

Dated this 19th day of April, 2016.

/s/Yingtao Ho_____
Yingtao Ho
yh@previant.com
Wis. Bar #1045418
Attorney for Plaintiffs
The Previant Law Firm S.C.
1555 North RiverCenter Drive, Suite 202
P. O. Box 12993
Milwaukee, WI 53212
Telephone: 414-271-4500
Fax: 414/271-6308